Officer Richard Harper Sherwood Police Department 2201 East Kiehl Avenue Sherwood, Arkansas 72120
Dear Officer Harper:
I am writing in response to your request for my opinion concerning the Arkansas Freedom of Information Act ("FOIA"). Your request is submitted pursuant to A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2007). This section authorizes the custodian, requester, or the subject of personnel or employee-evaluation records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your letter indicates that someone has requested an "internal investigation file" detailing an investigation that was conducted and completed by the Sherwood Police Department. While you have not submitted the records for my review, you have submitted some of the custodian's correspondence to you, which correspondence indicates that the custodian intends to release "the [internal affairs investigation] file with certain private personal information having been redacted." You object to the release of these documents.
RESPONSE
My duty under subsection 25-19-105(c)(3)(B)(i) is to determine whether the custodian's decision is consistent with the FOIA. Because you have not provided the documents the custodian intends to release, I cannot opine about any specific records. I can only explain the legal standards the custodian must apply to determine whether certain documents contained in the internal affairs record must be disclosed. *Page 2 
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first two elements appear met in this case. As for the first element, the documents are held by the Sherwood Police Department, which is a public entity. As for the second element, the FOIA defines "public records" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007). Because the records are held by a public entity, they are rebuttably presumed to be public records. Not having seen any of the records in question, I cannot assess whether the presumption is actually rebutted in this instance. If the presumption is rebutted with respect to an individual record, then the document fails this element and the document must not be released.
If the presumption cannot be rebutted, then the FOIA analysis proceeds to the third element: whether any exceptions preclude disclosure. One exception may be relevant here. The FOIA provides two exemptions for items normally found in employees' files. For purposes of the FOIA, items in employees' files can usually be divided into two mutually exclusive groups: "personnel records" under section 25-19-105(b)(12);[1] or "employee evaluation or job performance records" under *Page 3 
section 25-19-105(c)(1).[2] The test for whether these two types of documents may be released differs significantly.
The relevant exception appears to be the exception for "employee evaluation or job performance records." While the FOIA does not define this phrase, this office has consistently opined that the phrase refers to records that were created by (or at the behest of) the employer, and that detail the employee's performance or lack of performance on the job. Op. Att'y Gen. 2004-012 (and opinions cited therein). This exception includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct. Id.
If a document meets the above definition, the document cannot be released unless all the following elements have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding (finality);
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (relevance); and *Page 4 
 3. There is a compelling public interest in the disclosure of the records in question (compelling interest).
A.C.A. § 25-19-105(c)(1) (Supp. 2007); Op. Att'y Gen. 2008-065. Not having seen any of the documents in question, I cannot definitively assess whether the records meet the definition of employee evaluation records. But given the documents' classification as an "internal affairs investigation," the documents are probably employee evaluation records. Accordingly, the custodian should apply the three-part test set forth above to determine whether the records must be disclosed.
As for the third prong, the FOIA never defines the key phrase "compelling public interest." But two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
Watkins Peltz, supra, at 207 (footnotes omitted). Professors Watkins and Peltz also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists. Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the *Page 5 
[records] of `rank-and-file' workers are at issue.") With respect to allegations of police misconduct, I noted as follows in Op. Att'y Gen.2007-206:
 [A] compelling public interest likely exists in information reflecting a violation of departmental rules by a "cop on the beat" in his interactions with the public. See Op. Att'y Gen. 2006-106. If the prior disciplinary records reflect a suspension based on this type of infraction, a strong case for the finding of a compelling public interest exists.
Whether there is a compelling public interest in particular records is a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information. Not having seen any of the records in question, I cannot assess this third prong.
Even if the FOIA requires a certain document be disclosed, the custodian may need to redact some information in that document for two reasons. First, this office has opined that numerous types of information must be redacted from otherwise open records. Some of those items include: dates of birth of public employees (Op. 2007-064); social security numbers (Ops. 2006-035, 2003-153); medical information (Op. 2003-153); any information identifying certain law enforcement officers currently working undercover (A.C.A. § 25-19-105(b)(10)); driver's license numbers (Op. 2007-025); insurance coverage (Op. 2004-167); tax information or withholding (Ops. 2005-194, 2003-385); payroll deductions (Op. 98-126); banking information (Op. 2005-195); unlisted telephone numbers (Op. 2005-114); personal e-mail addresses (Op. 2004-225); and marital status of employees and information about dependents (Op. 2001-080).
Second, the custodian should be aware of some general constitutional implications of disclosure. Any party who may be identified from any of the requested records may have a constitutionally-protected privacy interest in those records. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally-protectable information.McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909
(1989). The McCambridge court held that a constitutional privacy-interest applies *Page 6 
to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
Whether certain information is constitutionally protected under the right to privacy is a highly factual decision the custodian of records must initially make. If the custodian determines that the records contain constitutionally protectable information (i.e., information that meets the McCambridge test), then the custodian must consider whether the governmental interest in disclosure (i.e., the public's legitimate interest in the matter) outweighs the privacy interest in withholding them. As always, the person claiming the right will have the burden of establishing it.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN MCDANIEL Attorney General
DM/RO:cyh
[1] This subsection states: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter . . . . (12) [p]ersonnelrecords to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
This office and the leading commentators on the FOIA have observed that personnel files usually include: employment applications; school transcripts; payroll-related documents such as information about reclassifications, promotions, or demotions; transfer records; health and life insurance forms; performance evaluations; recommendation letters; disciplinary-action records; requests for leave-without-pay; certificates of advanced training or education; and legal documents such as subpoenas. E.g., Op. Att'y Gen. 97-368; John J. Watkins 
Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 181-82 (4th ed., m m Press 2004).
[2] This subsection states: "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure." *Page 1